AO 241 (Rev. 5/85)

**ORIGINAL**

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

05 - 237

| United States District Court | District |  |  |
|---|---|---|---|
| Name: DERIOUS J. JOHNSON | Prisoner No. 00280324 | | Case No. 0304007340 |

Place of Confinement: DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DE 19977

Name of Petitioner (include name under which convicted): DERIOUS J. JOHNSON

Name of Respondent (authorized person having custody of petitioner): v. THOMAS CARROLL AND M JANE BRADY

The Attorney General of the State of: M JANE BRADY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   NEW CASTLE COUNTY SUPERIOR COURT
   WILM. DE 19801

2. Date of judgment of conviction  10/21/03

3. Length of sentence  "NATURAL LIFE"

4. Nature of offense involved (all counts)
   1ST DEGREE RAPE

   By mail
   No IFP

   2005 APR 25 PM 4:25
   FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE

5. What was your plea? (Check one)
   (a) Not guilty  ☑
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☑  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

(2)

AO 241   (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   DELAWARE SUPREME COURT

   (b) Result   "AFFIRMED"

   (c) Date of result and citation, if known   7/20/04

   (d) Grounds raised   (2) TWO

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   N.C.C. SUPERIOR COURT AND DELAWARE SUPREME COURT

    (2) Nature of proceeding   N.C.C.S.C. THERE WAS AN RULE 61 POST-CONVICTION FILED AND FOR DELAWARE SUPREME COURT THERE WAS AN WRIT OF HABEAS CORPUS FILED.

    (3) Grounds raised   (8) GROUNDS WERE RAISED IN N.C.C.S.C.
         (2) GROUNDS WERE RAISED IN DEL. SUPREME COURT.

(3)

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☑

    (5) Result

    (6) Date of result

(b) As to any second petition, application or motion give the same information:

    (1) Name of court    DELAWARE SUPREME Court

    (2) Name of proceeding    WRit of HABEAS Corpus

    (3) Grounds raised    (2) TWO

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☑
    (5) Result

    (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☑    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

A. GROUND ONE: Racially Biased Jury. Defendant had an All-White Jury which was unconstitutionally Selected.

SUPPORTING FACTS: On 10/16/03 Defendant stated to his Counsel that he wasn't comfortable with the Counsel's Selection and Impanel of an All-White Jury. And did not want to proceed to trial under those type of Circumstances. And Defendants Counsel stated to the Defendant that it did not matter to Defendant. Defendant Asserts that his Sixth Amendment Rights were Violated.

B. GROUND TWO: "Inefective Assistance of Counsel"

SUPPORTING FACTS: On 10/17/03 Inefective Assistance of Counsel was Committe when Defendants Counsel Failed to object to the Prosecutor Attempting to elicit Testimony from the Defendant About Prior Crimes which was totally irrelevant to the Case-in-chief. Defendant Counsel Failed to object about the Cross-examination of Defendants Testimony. or even during the Cross-Examination of the Defendant. Counsel Also Failed. And did no request a D.R.E. 609 Hearing, or a D.R.E. 404(B) Hearing about admissibility of defendants Character or Prior Bad Acts Evidence which prejudiced the Defendant. And prejudiced the minds of the Jury into thinking that Defendant was a Bad Person or Criminal. this was a Smear Tatic deliberate used by the Prosecutor. And Defendants Counsel definitely knows of these Tatics. And Defendant's Counsel is Supposed to object and Request a D.R 609 and D.R.E. 404(B) Hearing out of the Presence of the Jury to Elimin this type of Prejudical line of Questioning From Occurring in the first Pla Defendant strongly Asseats that His Counsel Violated His Sixth Amendment Right to Counsel. And due to Counsel's multiple Errors Committed at Trial. The Defendant Conviction Should Be Reversed.

(4)

C. Ground Three:

Supporting Facts: On October 16th, 17th of 2003 and on October 20th of 2004, the trial court judge exhibited and displayed Judicial Bias during the trial and during the Post-Conviction Proceedings (Rule 61 Post-Conviction Relief). The trial judge committed ("Reversible Error" by allowing evidence of defendants prior drug conviction which was irrelevant to the case-in-chief, which also had absolutely nothing to do with the Rape Allegations that the State brought against the defendant. Furthermore, the animosity that the trial judge has against the defendant is plainly obvious in the Post-Conviction Relief decisions (which are included for display *SEE ATTACHMENTS*) by the judge's acid remarks and comments to the defendant about raising constitutional issue errors that were committed at the defendant trial. The trial judge was so confused about the Post-Conviction Relief process that the defendant had to write the President Judge and the Delaware Supreme Court about the trial judge's remark and her confusion that she had to issue a new decision to cover up and try to correct her glaring mistakes of her two previous decisions. The trial judge's trial mistakes and her behavior is plain error and reversible error which impaired the defendant Sixth Amendment right to a fair trial. The trial judge should know to interfere with the upcoming mistakes and errors that were being manifested and had the potential to create an unfair trial for the defendant, which is exactly what occurred due to the trial judge's deliberate oversight in order to convict the defendant. For the above stated reasons, the defendant conviction must be reversed.

13. If any of the Grounds listed above were not previously presented in any other Court, state or federal briefs, state what Grounds, and give your reasons why it was not raised in the the state or federal Courts.

14. Do you have any petition or appeal now pending in any Court
    Yes ☐    No ☑

15. Give the names and addresses, if known, of each Attorney who represented you in the following stages of the Judgments attacked herein:

(A.) At Preliminary Hearing: Brian J. Bartley, Esq

(B.) At Arraignment and Plea: Brian J. Bartley, Esq

(5)

D. **GROUND FOUR:** IMPEACHMENT OF DEFENDANT BY EVIDENCE OF HIS PRIOR FELONY DRUG CONVICTION CONSTITUTED REVERSIBLE ERROR....

SUPPORTING FACTS: ON 10/17/03 the trial court improperly admitted evidence of a prior drug conviction that was elicited by the prosecutor in an effort to portray the defendant as a dishonest person due to a prior drug conviction which is prohibited by Delaware Rule 609. This evidence was not relevant to the States prima facie case against defendant. It was only introduced to prejudice defendant in front of the jury to portray the defendant as dishonest and as a drug dealer to further discredit the defendant during the defendants testimony at trial. This erroneous admission requires reversal under federal law and is settled Delaware law, which constituted plain error...

E. **GROUND FIVE:** TRIAL COURTS FAILER TO INSTRUCTE JURY ON ALIBI REQUIRES REVERSIBLE ERROR WHICH CONSTITUTED PLAIN ERROR....

SUPPORTING FACTS: Defendant asserts that on 10/17/03 his substantial rights were violated when the trial court judge failed to instruct the jury concerning claim of alibi. Whereas, the defendant testified on his behalf and had said to proved his alibi during the states cross-examination of defendant. Upon the cross-examination of defendant by the State. Defendant testifed that he was next door with friends on the night of the alleged rape. This was a showing of facts inconsistent with an essential element of the criminal charge. Whereas it is settled law were an accused is entitled to have the jury specially instructed that where the presence of the defendant at the time and place of the alleged crime is an essential link in the chain of proof. Wherefore the defendant asserts that he was deprived of a fare trial and of substantial rights when the trial court judge failed to instructe the jury on his claim of alibi constituted reversible error...

(6)

AO 241   (Rev. 5/85)

    (c) At trial   BRIAN J. BARTLEY ESQ

    (d) At sentencing   BRIAN J. BARTLEY ESQ

    (e) On appeal   BRIAN J. BARTLEY ESQ

BRIAN J. BARTLEY ESQ
ASSISTANT PUBLIC DEFENDER
DEL. BAR I.D. NO. 2029
CARVEL STATE OFFICE BUILDING
820 N. FRENCH STREET
WILMINGTON, DE 19801

ATTORNEY FOR DEFENDANT

    (f) In any post-conviction proceeding
    DERIOUS J. JOHNSON

    (g) On appeal from any adverse ruling in a post-conviction proceeding
    DERIOUS J. JOHNSON

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☑   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4/19/05
Date

_____
Signature of Petitioner

(7)

I/M DERIOUS J. JOHNSON
SBI# 280324  UNIT 21C-U-11
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



*LEGAL MAIL*

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON, DELAWARE
            19801 - 3570