SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

October 12, 2004

Mr. Derious Johnson
SBI# 280324
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State v. Johnson*
ID No. 0304007340

Dear Mr. Johnson:

The Court is in receipt of your Motion for Postconviction Relief, filed pursuant to Superior Court Criminal Rule 61 on October 6, 2004. The Motion must be **DENIED** for several reasons.

When evaluating a motion based upon Rule 61, courts must first consider whether Rule 61(i) raises any procedural bars against granting relief. Rules 61(i)(2) through (4) procedurally bar repetitive postconviction motions. These rules prevent you from arguing issues that you have already raised, or could have raised, at trial, appeal, federal *habeas* petition, or prior Rule 61 motion. In essence, you have only one chance to make a postconviction motion that raises all proper grounds for relief. Since this is your third postconviction motion, and no reason to disregard these rules is readily apparent, the Court cannot grant the relief you seek.

Furthermore, your motion argues that Rule 61(d)(3) entitles you to various documents, including jury selection transcripts, trial transcripts, the original arrest warrant, and the original indictment in your case. Rule 61(d)(3) is not meant to be a post-trial discovery device. Instead, the rule exists to provide courts the option of preparing a transcript that may be needed to decide a valid Rule 61 motion. Since your motion is invalid, no transcript is necessary.

Mr. Derious Johnson
October 12, 2004
Page 2

    Finally, even if your motion were proper, you are not entitled to free court services at this stage of the case. That is the crux of the Court's September 22, 2004 order denying your Motion for Appointment of Counsel. If you were somehow able to state a valid Rule 61 claim, you would need to pay for the documents you seek.

    To conclude, the motion is procedurally barred, substantively improper, and submitted without required payment, and thus must be **DENIED**. The only way that any court would consider the merits of your case is if the Delaware or United States Supreme Court were to announce a new, retroactively applicable constitutional right that directly applies to your circumstance. Until that happens, I strongly suggest that you cease filing these motions and consider a more constructive way to spend your time.

    For all of these reasons, Defendant's Motion for Postconviction relief is *SUMMARILY DENIED*.

    **IT IS SO ORDERED.**

    Yours very truly,

    *Peggy L. Ableman* (signature)

    Peggy L. Ableman

PLA:ad
cc:    Prothonotary

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

October 20, 2004

Mr. Derious Johnson
SBI#: 280324
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State v. Johnson*
ID No. 0304007340

Dear Mr. Johnson:

The Court is in receipt of your Motion for Postconviction Relief, filed pursuant to Superior Court Criminal Rule 61 on October 14, 2004. The Motion must be **DENIED**. This motion is duplicative to one you submitted on October 6, 2004, and which the Court denied on October 12, 2004. Again, as discussed in detail in the Court's letter of October 12, 2004, Rule 61 raises procedural bars that prevent courts from considering motions that merely repeat allegations made in previous filings. The Rule also bars courts from considering alternative arguments that could have been made in previous filings, but were not. All of your claims, and indeed every conceivable claim that you could make under the current state of the law, will be defeated by these procedural bars. Further duplicative filings are therefore a waste both of your and the court's time.

For these reasons, defendant's motion for postconviction relief is **SUMMARILY DENIED**.

**IT IS SO ORDERED.**

Yours very truly,

*Peggy L. Ableman*

Peggy L. Ableman

PLA:ad
cc: Prothonotary

-(10)-

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE )<br>)<br>v.   )   Cr. No. 0304007340<br>)<br>DERIOUS J. JOHNSON,   )<br>Defendant.   ) | |

Submitted: September 22, 2004
Decided: December 21, 2004

UPON DEFENDANT'S MOTION FOR
POST-CONVICTION RELIEF
**DENIED**

# ORDER

ABLEMAN, JUDGE

It appears to the Court that:

1. This Opinion is issued as a correction of three letter opinions of this Court, dated September 22, 2004, October 12, 2004, and October 20, 2004. Due to a clerical error, these opinions indicate that Defendant Derious Johnson was, at that time, making his third motion for post-conviction relief pursuant to Superior Court Rule 61. In fact, the instant motion was Johnson's first. Because the motion was timely, this Court erred in finding it to be procedurally barred by Rule 61(i). The above referenced opinions are therefore **WITHDRAWN**, and this opinion is substituted for them.

2. Johnson has made three filings: (1) a motion for appointment of counsel pursuant to Rule 61(e), (2) a motion for production of transcripts pursuant to Rule 61(d)(3), and (3) a motion for post-conviction relief pursuant to Rule 61 in its entirety. The Court reconsiders each of these motions in turn.

3. Johnson's motion for appointment of counsel must be **DENIED**. Rule 61(e) states, "[t]he court will appoint counsel for an indigent movant only in the exercise of discretion and for good cause shown, but not otherwise." Prisoners have no constitutional right to counsel beyond their direct appeal[1], and appointment of an attorney at taxpayer expense occurs only in exceptional circumstances. Johnson's reasons for seeking free counsel are: (1) he is poorly educated, and (2) as a

---

[1] *Ross v. Moffitt*, 417 U.S. 600, 601 (1974).

2

convicted child rapist, his safety requires him to be placed in segregated incarceration, meaning he has less access to the prison law library than other inmates. These are not exceptional circumstances that require court-appointed counsel.

4.  Johnson's motion for production of transcripts must be **DENIED**. This is a one-paragraph motion in which Johnson demands jury selection transcripts, trial transcripts, the original arrest warrant, and original indictment.[2] The motion makes no statement about what rights Johnson believes were violated or why the transcripts are necessary. "[W]hen the defendant offers no factual basis and fails to clearly identify the fundamental rights that were violated, the Court will find the defendant's claim frivolous and deny the motion [for production of transcripts]."[3]

5.  Finally, Johnson's motion for post-conviction relief must also be **DENIED**. Though it is both timely and (mostly) non-redundant, the motion fails to state a claim for which relief can be granted. Most of the proposed grounds for relief are so frivolous that they scarcely warrant consideration in a footnote.[4] The crux of

---

[2] The latter two must have been given to Johnson's attorney before his trial as part of discovery, and could probably be obtained by writing to him.

[3] *State v. Chao*, 2002 WL 31814786 (Del. Super.); citing *State v. Boardley*, Del.Super., Nos. IN90-02-0233, IN90-02- 0234, Barron, J. (Nov. 6, 1992) (ORDER).

[4] In Grounds III and VII, Johnson complains that the Court erred in allowing the State to impeach him on his prior drug conviction. The Supreme Court adjudicated this issue during Johnson's direct appeal, leaving it procedurally barred by Rule 61(i)(4). Ground IV complains that the State only informed Johnson that it would be calling their expert medical witness, but then actually called the original treating physician and the child advocacy counselor. Even if this were true, and it does not appear to be, the latter two people were called as fact witnesses to testify to their involvement in the case, not to give expert opinions. Ground V asserts that the

3

the motion is that Johnson's counsel was ineffective for allowing the State to impeach him about his prior drug dealing conviction.[5]

6.  *Strickland v. Washington* established the two-part test for ineffective assistance of counsel: (1) counsel's conduct fell below the standard of a reasonable attorney, and (2) but for the failing, there is a realistic chance that the verdict would have been different.[6] It is the defendant's burden to overcome the strong presumption that counsel's conduct was reasonable or could have been considered sound trial strategy at the time.[7]

7.  The Court agrees that Johnson's attorney probably should have objected to the impeachment relating to Johnson's prior drug-dealing conviction. The Court

---

Court should have directed a verdict of acquittal because Johnson testified that he had an alibi for the night he was found to have raped his daughter. The jury was fully capable of weighing the credibility of Johnson's testimony, and obviously found it lacking. Ground VI argues that Johnson's trial by an all-white jury violated the Sixth Amendment. There is no allegation or evidence that black jurors, or jurors of any race, were intentionally or unlawfully excluded. Moreover, it is a mystery to me why Johnson believes that black jurors would be particularly sympathetic to an adult defendant charged with incestuously raping his seven-year-old black child. Finally, in Ground VIII, Johnson grumbles that the Court would not allow him to ask the child advocacy counselor if the State's expert medical witness could have observed her interviews with the victim. The line of questioning called for speculation, was improperly and confusingly phrased, and was amply explored during the expert's cross-examination.

[5] Johnson also makes a frivolous claim alleging that his attorney failed to adequately prepare his defense. Johnson complains that, "movant's trial was based on circumstantial evidence and there was no physical evidence that supported the State's case, nor the movant's case [so] both parties were left to rely on testimony and [admissible] hearsay evidence." Def. Mot. For Post Conviction Relief, D.E. #35, at 1 (numerous spelling and punctuation errors corrected). That is not ineffective assistance of counsel. No law prevents the state from proving its case through direct evidence, and, given the crime at issue, it is impossible to see how it could have avoided doing so. Moreover, the State *did* present physical evidence in the form of the examining physician's testimony regarding the victim's bruised hymen.

[6] 466 U.S. 668 (1984).

[7] *Id.* at 689.

had previously expressed skepticism as to the admissibility of evidence of this crime, and informed counsel that it would hear a D.R.E. 609 objection on the subject if Johnson decided to testify. Though a close call, the Court finds that failure to make this objection fell below the standard of a reasonable attorney.

8. Fatal to Johnson's claim, however, is his total inability to show that evidence of the drug-dealing conviction made any difference in the verdict. This case had nothing to do with drugs; it involved the incestuous rape of Johnson's seven-year-old daughter. No rational juror would conclude that being a drug dealer means one must also be a child rapist, and there is no evidence that the jury did so conclude.

Moreover, the jury would have heard about Johnson's bad character regardless of the Court's ruling on the drug conviction, because Johnson also had a prior Robbery conviction that was plainly admissible. The Court instructed the jury on the limited use it could make of the impeachment testimony, and nothing suggests that they disregarded the instruction.

9. Johnson's refusal to acknowledge his guilt forced the State to try this grizzly crime. With no other choice, the State called the victim, then scarcely older than seven, to testify. The child took the witness stand and offered detailed, devastatingly credible testimony about what it felt like to be raped by her father. Johnson was not convicted because of error by his counsel; he was convicted because his guilt was patently obvious to anyone who heard the victim testify.

Since Johnson cannot establish the second prong of the *Strickland* test, his ineffective assistance of counsel claim must fail.

10. For these reasons, Defendant's Motion For Appointment Of Counsel is **DENIED**. Defendant's Motion For Production of Transcripts is **DENIED**. Defendant's Motion For Post-Conviction Relief is **DENIED**. The Court's Orders of September 22, 2004, October 12, 2004, and October 20, 2004 are **WITHDRAWN** in favor of this opinion.

**IT IS SO ORDERED.**

*Peggy L. Ableman*
Peggy L. Ableman, Judge

Original to Prothonotary
   cc:   Derious J. Johnson