IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DERIOUS J. JOHNSON**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-237-KAJ |
| | : | |
| **THOMAS L. CARROLL**, Warden, | : | |
| and **M. JANE BRADY**, Attorney General | : | |
| of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

On October 21, 2003, a Delaware Superior Court jury convicted the petitioner, Derious J. Johnson, of first degree rape in connection with Johnson's sexual assault on his seven-year-old daughter. The Superior Court on December 5, 2003 declared Johnson an habitual offender and sentenced him to a mandatory term of life in prison. The conviction and sentence were affirmed on direct appeal. *Johnson v. State*, No. 616, 2003, 2004 WL 1656497 (Del. July 20, 2004). Johnson then sought state post-conviction relief which the Superior Court denied by order dated December 21, 2004. *State v. Johnson*, ID No. 0304007340, 2004 WL 3029940 (Del. Super. Dec. 21, 2004) (hereinafter "Post-Conviction Op."). The record reveals that Johnson did not appeal the Superior Court's denial of post-conviction relief. *See generally* Super. Ct. Dkt. in ID No. 0304007340.

Facts

As adduced at trial and reported on direct appeal, then 22-year-old Derious Johnson on September 6, 2002 engaged in vaginal intercourse with his seven-year-old daughter, Sheante Johnson, on a couch at her grandmother's house. (A13-22).[1] Although Johnson lived at the house, this was the only time Sheante stayed there overnight. (A21). Sheante was awakened by Johnson who moved her panties to the side and penetrated her. (A19). Sheante cried and told him to stop, but Johnson shushed her and continued. (A19, 23). When Johnson completed the act of intercourse, he brought Sheante a glass of water. (A19). *See generally Johnson v. State*, No. 616, 2003, 2004 WL 1656497 at ¶¶ 2-3 (Del. July 20, 2004).

Seven-year-old Sheante did not report the incident immediately to her mother, Arnetia Drummond. (A13-14). But in mid-February 2003, while the pair were watching television, Sheante told her mother that her father had "raped" her. (A13-14, 16). Surprised and upset by what Sheante had reported, Drummond went upstairs and began to cry. (A14, 22). After regaining her composure, Drummond returned and discussed the matter with Sheante. (A14-15, 22-23). Sheante specifically used the word "rape" when reporting the assault to her mother. (A13, 16, 22). According to Sheante, she had learned the meaning of the word recently from a cousin, and knowing the meaning of that word, she told her mother that was what had happened to her. (A22, 26-27). *See generally Johnson*, *supra*, 2004 WL 1656497 at ¶¶ 2-3.

---

[1] "A" refers herein to the appellant's appendix submitted with the opening brief in *Johnson v. State*, No. 616, 2003.

Drummond brought Sheante to the Jessup Street Clinic, a medical facility which is affiliated with the A.I. DuPont Hospital for Children, where she was examined by Dr. Laurie Cooke. (A31-33). Dr. Cooke referred the matter to the Child Advocacy Center of Delaware ("CAC"), a facility with staff who specialize in examining and interviewing children. (A27-28, 32). On February 27, 2003, Sheante met with Terri Kaiser, a forensic interviewer at CAC who interviews children when sexual abuse is indicated. (A27-28). In a video-recorded interview, Kaiser posited "non-leading, non suggestive" questions to Sheante who confirmed that she had been raped by her father. (A23, 28). *See generally Johnson*, *supra*, 2004 WL 1656497 at ¶¶ 2-3.

Dr. Allan DeJong is a medical doctor who practices at CAC, which maintains a location within the A.I. DuPont Hospital for Children. (A35). As a doctor affiliated with CAC, Dr. DeJong specializes in examining children alleged to have been sexually abused. (A35). Doctor DeJong examined Sheante and concluded that Sheante had sustained a deep cleft injury to the hymen, an injury consistent with "a penetrating episode of sexual abuse at some period in time." (A36-39). *See generally Johnson*, *supra*, 2004 WL 1656497 at ¶¶ 2-3.

Johnson testified at trial and denied sexually assaulting his seven-year-old daughter. (A45-46). He said, however, that Sheante had stayed at his residence on the night that Sheante said the sexual assault had occurred. (A46-48). According to Johnson, he did not sleep at his residence that evening, but instead he had spent the evening next door in the company of a female friend. (A48). The jury rejected Johnson's denial and convicted him of first degree rape. (A1).

Discussion

In the model § 2254 form, which includes attached handwritten pages, Johnson presents five claims: 1) the conviction was obtained by an "all-white" and thus "racially biased" jury; 2) defense counsel provided constitutionally ineffective assistance of counsel for not objecting to Johnson's reference during cross-examination to his prior drug conviction; 3) the trial judge committed reversible error by allowing Johnson to testify about the existence of his prior drug conviction which also revealed judicial bias, particularly because the trial judge withdrew the first order denying post-conviction relief; 4) the impeachment of Johnson by reference to his prior drug conviction constituted plain error; and 5) the Superior Court's failure to instruct the jury of an alibi defense was plain error. (D.I. 1).

*State Post-Conviction Claims Unexhausted*

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994). In federal habeas, it is the petitioner who bears the burden of establishing that the exhaustion requirement has been satisfied. *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1099 (D. Del. 1993). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Stevens v. Delaware Correctional Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Johnson

did present the first, second and fifth claims in the petition to the Superior Court in the state post-conviction proceedings. *See* Post-Conviction Op. at 3-4 n. 4. A review of the state court record, however, reveals that Johnson did not appeal the Superior Court's order denying post-conviction relief, and thus he has not presented these claims to the state supreme court. *See generally* Super. Ct. Dkt. in ID No. 03043007340. Accordingly, Johnson has failed to exhaust state remedies.

Similarly, Johnson's petition for a state writ of habeas corpus, filed as an original action in the state supreme court, could not have exhausted state remedies. *See In re Petition of Johnson*, No. 522, 2004 (Del. Jan. 10, 2005). Under well-settled Delaware law, the Delaware Supreme Court has no original jurisdiction to issue a state writ of habeas corpus. *Id.* (citing DEL. CODE ANN. tit. 10, § 6901; *In re Cantrell*, 678 A.2d 525, 526 (Del. 1996); and *Rocker v. State*, 240 A.2d 141, 142 (Del. 1968)). Thus, Johnson's claims would not be cognizable (and perforce could not be exhausted) in an application for a state writ of habeas corpus filed as an original proceeding in the Delaware Supreme Court. *See Castille*, 489 U.S. at 351; *Ex Parte Hawk*, 321 U.S. 114, 116 (1944); c*f. Johnson v. Snyder*, Civ. Act. No. 99-450-JJF, 2001 WL 34367295 at *2 (D. Del. Feb. 7, 2001).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose*, 455 U.S. at 510. If, however, there is no available state remedy, Johnson is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Kendall v. Attorney General of Delaware*, 2002 WL 531221 at *4 (D. Del. Mar. 26, 2002). Any attempt by Johnson to appeal the denial of state post-conviction relief would be futile because Delaware

Supreme Court Rule 6(a)(iii) and 10 *Del. C.* § 147 require a notice of appeal in a post-conviction appeal to be filed within 30 days after entry of an order in a post-conviction proceeding. *See Williams v. Snyder*, Civ. Act. No. 01-668-GMS, 2003 WL 22480168 at * 4 (D. Del. Oct. 27, 2003); *Kendall*, *supra*, 2002 WL 531221 at *4; *Carr v. State*, 554 A.2d 778, 779 (Del. 1989). Here, the record demonstrates that Johnson did not file a timely notice of appeal from the Superior Court's final judgment on the post-conviction application. *See generally* Super. Ct. Dkt. in ID No. 0304007340. Further, because Johnson raised the claims in his motion for state post-conviction relief, but did not present the claims on appeal, all of the issues would be procedurally barred as formerly adjudicated under Criminal Rule 61(i)(4). *See Kennedy v. Kearney*, Civ. A. No. 95-613-SLR, 1996 WL 534877 at *2 (D. Del. Sept. 11, 1996); *Carter v. Neal*, 910 F. Supp. 143, 150-51 (D. Del. 1995); *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993).

      Thus, because there is no available state remedy, Johnson is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). However, because Johnson procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Kendall*, *supra*, 2002 WL 531221 at *4 (citing

*Gattis v. Snyder*, 46 F. Supp. 2d 344, 367 (D. Del. 1999)); *Dawson*, 988 F. Supp. at 804-05. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. Here, the record does not reveal any explanation for the procedural default, i.e., failing to present his claims to the state supreme court on appeal. *See*, *e.g.*, *Kendall*, *supra*, 2002 WL 531221 at *5. Certainly, as evidenced by Johnson's various *pro se* filings in the state courts, Johnson was capable of preparing and submitting documents in the state courts. *Cf. Correa v. Carroll*, Civ. Act. No. 03-897-JJF, 2004 WL 1822123 at *5 (D. Del. Jan. 20, 2000). Because Johnson has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal to the state supreme court, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Kendall*, *supra*, 2002 WL 531221 at *4-5; *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter*, 910 F. Supp. at 151. Thus, consideration of Johnson's first, second and fifth claims is precluded because he procedurally defaulted the claims in the state courts.

*Third and Fourth Claims Are Procedurally Defaulted*

Johnson's third and fourth claims are premised on the same underlying substantive issue: that the impeachment of Johnson by reference to his prior drug conviction constituted plain error. Johnson presented the claim to the state supreme court, and thus the claim would

be exhausted. Consideration of the two claims is nevertheless precluded because Johnson defaulted the claims in the state courts.

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Johnson, however, did not comply with state procedural requirements. Johnson presented the substantive issue on direct appeal without having presented it first by way of a contemporaneous objection during trial in the Superior Court. Accordingly, the Delaware Supreme Court rejected the claim on procedural grounds, reviewing only for plain error under Delaware Supreme Court Rule 8. *Johnson v. State*, No. 616, 2003, 2004 WL 1656497 at ¶ 4 & nn.6-8 (Del. July 20, 2004). Under Rule 8, "Only questions fairly presented to the trial court may be presented for review" on appeal. DEL. SUPR. CT. R.8; *see Harris v. Reed*, 489 U.S. 255, 263-64 (1989). This Court has consistently held that Rule 8 is an independent and adequate state procedural rule which precludes federal habeas review. *See, e.g.*, *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 452-53 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 825 (D. Del. 1997).

Accordingly, the state procedural bar of Rule 8 is an independent and adequate state law ground under *Wainwright v. Sykes*, 433 U.S. 72 (1977) which would preclude federal habeas review of Johnson's claims unless he established cause for his procedural default and resulting prejudice, or that a miscarriage of justice would result if the Court refused to hear his claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 493 (1986); *Caswell v. Ryan*, 953

F.2d 853, 860-61 (3d Cir. 1992); *Neely v. Zimmerman*, 858 F.2d 144, 147 (3d Cir. 1988); *Dawson*, 988 F. Supp. at 804-05. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Carrier*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

As discussed *supra* at 7, Johnson has not alleged, and the record does not reveal, cause for the procedural default. *See Coleman*, 501 U.S. at 752; *Murray*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 809-10. Because Johnson has not alleged and the record does not reveal cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter v. Neal*, 910 Supp. 143, 151 (D. Del. 1995). Accordingly, these two claims should be rejected.

Regardless, as properly determined by the state supreme court, no conceivable prejudice resulted from Johnson's brief reference to his prior drug conviction during cross-examination. Johnson's prior felony drug conviction was different in kind from the first degree rape charge at issue in this prosecution, a point emphasized by the state supreme court in the plain error review. *Johnson*, *supra*, 2004 WL 1656497 at ¶ 7. Because the two crimes were dissimilar, it was unlikely that the jury would draw an improper inference from the

conviction or somehow conclude that Johnson was more likely to be a child rapist. Additionally, the prosecutor corrected Johnson's own "harmful characterization" of the earlier drug conviction as trafficking. *Id.* at ¶ 6. The trial judge, with the agreement of counsel for each party, told the jury to consider Johnson's prior criminal history only for the purpose of weighing credibility. (A51, 61). And that instruction was not an incorrect statement of the law: as recognized under state decisional authority, the mere existence of a felony conviction has some probative value on the issue of credibility. *See Gregory v. State*, 616 A.2d 1198, 1204 (Del. 1992) (recognizing "that all violations of the law, by their very nature, involve some element of dishonesty"). The jury, having been instructed to consider the conviction only in the context of credibility, presumptively did not draw any improper inference from admission of the drug conviction. *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (recognizing jury is usually presumed to follow trial judge's instructions); *Dawson*, 988 F. Supp. at 812 (recognizing that instructions from trial judge may cure prejudice); *accord Zimmerman v. State*, 628 A.2d 62, 66 (Del. 1993); *Dawson v. State*, 637 A.2d 57, 63 (Del. 1994) (jury is presumed to follow the Superior Court's instructions). Further, defense counsel voiced no concern during the trial proceedings and did not request a limiting instruction to further minimize any potential for prejudice. Finally, Johnson's prior criminal history was not mentioned or emphasized further in the prosecutor's closing argument. A52-56, 60; *see Johnson, supra*, 2004 WL 1656497 at ¶¶ 5-6 & n.15. In sum, Johnson can establish neither cause nor prejudice, and therefore, the third and fourth claims should be dismissed as procedurally barred.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Johnson's trial proceedings and sentencing have been prepared. In the event that the Court directs production of any transcript, the respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown (ID# 3278)
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
e-mail: *ThomasE.Brown@state.de.us*

Date: July 8, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on July 8, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on July 8, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

Derious J. Johnson (No. 00180324)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977.

_____
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: July 8, 2005