Not Reported in F.Supp.2d  
2001 WL 34367295 (D.Del.)  
**(Cite as: 2001 WL 34367295 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Michael D. JOHNSON, Petitioner,  
v.  
Robert SNYDER, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.  
**No. Civ.A. 99-450-JJF.**

Feb. 7, 2001.

Michael D. Johnson, Petitioner, pro se.

Thomas E. Brown, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

**\*1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (the "Petition") (D.I.2) filed by Petitioner, Michael D. Johnson. For the reasons set forth below, the Petition will be dismissed without prejudice and the Writ of Habeas Corpus denied.

BACKGROUND

Petitioner was convicted by a jury in the Delaware Superior Court of cocaine trafficking, possession of cocaine and possession with intent to deliver cocaine. Thereafter, the Delaware Superior Court granted Petitioner's motion for judgment of acquittal on the charge of possession of cocaine and sentenced Petitioner to twelve years imprisonment. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions.

On October 20, 1992, the Delaware Superior Court denied Petitioner's application for state post-conviction relief. Petitioner appealed, and the Delaware Supreme Court affirmed the superior court's decision on December 10, 1992.

On January 4, 1993, Petitioner filed a petition for federal habeas relief in this Court. On December 29, 1993, the Court dismissed the petition and denied Petitioner's request for relief. [FN1] *Johnson v. Snyder,* Civ. Act. No. 93- 2-JJF, mem. op. at 1-2 (D.Del.29, 1993).

> FN1. Petitioner filed a previous habeas petition in this Court in 1991, but the Petition was dismissed without prejudice for failure to exhaust state remedies. *Johnson v. Neal,* Civ. Act. No. 91-406-LON, order at 2 (D.Del. Aug. 24, 1992). However, Petitioner's instant Petition is not barred under 28 U.S.C. § 2244, because it raises claims regarding parole proceedings, which could not have been raised in the prior petitions. *See LoFranco v. United States Parole Comm'n,* 986 F.Supp. 796, 803 (S.D.N.Y.1997), *aff'd,* 175 F.3d 1008 (2d Cir.), *cert. denied,* 119 S.Ct. 2051 (1999).

On May 12, 1995, Petitioner was released on parole. Petitioner later violated his parole, and after a hearing on August 4, 1998, the Delaware Board of Parole revoked Petitioner's parole.

In seeking federal habeas relief, Petitioner does not challenge his underlying conviction and sentence. Rather, Petitioner challenges only the procedures the Delaware Parole Board utilized in revoking his parole. (D.I. 2 at 2-3). Specifically, Petitioner contends that: (1) he was given insufficient notice regarding his revocation hearing; (2) he was denied due process with regard to his curfew violation charge; (3) he was not credited with time served while awaiting his parole revocation hearing; and (4) he was improperly held on absconder status for a period of time during which he was under home confinement. (D.I. 2 at 5-6). The State filed an Answer to the Petition, and thereafter, Petitioner moved to expand the record with additional evidence. The Court granted Petitioner's motions to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2001 WL 34367295 (D.Del.)  
**(Cite as: 2001 WL 34367295 (D.Del.))**

Page 2

expand the record, and then ordered both the State and Petitioner to file supplemental pleadings regarding the additional evidence. Pursuant to the Court's order, the State filed a Supplemental Answer. However, to date, Petitioner has failed to file any response to the State's Supplemental Answer. Because the Petition is ripe for review, and Petitioner has failed to file any additional response, the Court will proceed to examine the merits of the Petition.

## DISCUSSION

Before turning to the merits of the Petition, the Court must determine, as a threshold matter, whether the Petitioner may seek federal habeas review. In order for a state petitioner to avail himself or herself of federal habeas review, he or she must have exhausted all available state remedies. 28 U.S.C. § 2254(b). Exhaustion is satisfied if a petitioner shows that he or she "fairly presented" each of his or her claims to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D.Del.1993), *aff'd,* 68 F.3d 736 (3d Cir.1995). If a petitioner has failed to exhaust state remedies, but state remedies are no longer available, the exhaustion requirement is excused. *Teague v. Lane,* 489 U.S. 288, 298 (1989).

*2 While there is no statutory authority expressly providing for state court review of the Parole Board's decision, this Court has repeatedly recognized that a state prisoner may challenge the decision of the Parole Board by filing a petition for writ of mandamus directed against the Parole Board in the state courts. *Folks v. Snyder,* Civil Action No. 93-304-JJF at 2-4 (D.Del. Mar. 2, 1994) (dismissing habeas petition for failure to exhaust state remedies, where petitioner failed to file writ of mandamus in state court challenging parole board's decision denying him parole); *Patrick v. Redman,* Civil Action No. 90-481-RRM, Magistrate's Rept. & Rec. at 3-5 (D. Del. Dec. 2, 1992 (same); *Bradley v. Delaware Parole Board,* 460 A.2d 532 (Del.1983) (indicating that a prisoner could challenge parole board's decision by filing writ of mandamus).

By his motions to expand the record, Petitioner suggests that he has presented his claims to the state courts in a manner sufficient to satisfy the exhaustion requirement. In support of his assertion, Petitioner directs the Court to (1) a letter dated July 13, 1998, from Judge Babiarz informing Petitioner that the writ of habeas corpus is "not available to contest the actions of the parole board," and (2) the State's answer and motion to dismiss a petition for writ of mandamus that Petitioner filed in the Delaware Supreme Court.

After reviewing the record as it pertains to the exhaustion requirement in this case, the Court concludes that Petitioner has failed to comply with the exhaustion requirement. As Judge Babiarz's letter to Petitioner indicated, a motion for writ of habeas corpus filed in the state courts is an inappropriate procedural vehicle to seek review of a parole board decision. With respect to the petition for mandamus Petitioner filed in the state supreme court, Petitioner likewise selected an inappropriate procedural vehicle for his claim by directing the petition to the Delaware Supreme Court, instead of the Delaware Superior Court. The state supreme court does not have original jurisdiction to issue a writ of mandamus to a non-judicial public official, [FN2] and therefore, such a writ should have been filed initially in the superior court. *See* 10 Del. C. § 564; *Andrews v. Snyder,* C.A. No. 95M-04- 013-JOH (Del.Super.Ct. Oct. 16, 1996) (granting writ of mandamus for Department of Corrections to reconsider parole eligibility date). Once the Delaware Superior Court issues a judgment, then that decision is subject to review on appeal by the Delaware Supreme Court. *See e.g. Watson v. Burgan,* 610 A.2d 1364 (Del.1992); *Bradley v. Delaware Parole Bd .,* 460 A.2d 532 (Del.1983); *see also Owens v. Ryan,* Civ. Act. No. 98-497-GMS (D.Del. Jul. 22, 1999) (recognizing that state superior court and supreme court must pass on petition for mandamus relief raising claims related to parole board). Where, as here, Petitioner has selected a procedural vehicle for his claims that did not give the state court an opportunity to reach the merits of those claims, the Petitioner has failed to satisfy the exhaustion requirement. *See Abdul-Akbar v. Redman,* Civ. Act. No. 90-78-JLL, Rept. and Rec. at 5 (D. Del. June 27, 1991). However, because Petitioner may still seek relief in the state courts by seeking a writ of mandamus first in the state superior court and later on

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
2001 WL 34367295 (D.Del.)
**(Cite as: 2001 WL 34367295 (D.Del.))**

appeal to the state supreme court, the Court will dismiss Petitioner's claims without prejudice for failure to exhaust available state remedies.

> FN2. *See e.g. In re Hitchens,* 600 A.2d 37, 38 (Del.1991) (holding that state supreme court lacks original jurisdiction to issue writ of mandamus).

### CONCLUSION

**\*3** For the reasons discussed, the Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody filed by Petitioner, Michael D. Johnson, will be dismissed without prejudice and the Writ of Habeas Corpus will be denied.

An appropriate Order will be entered.

2001 WL 34367295 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.