Not Reported in F.Supp.2d  Page 1
2003 WL 22480168 (D.Del.)
**(Cite as: 2003 WL 22480168 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
David M. WILLIAMS, Petitioner,
v.
Robert SNYDER, Warden, Respondent.
**No. Civ.A. 01-668-GMS.**

Oct. 27, 2003.

David M. Williams, pro se, Smyrna, DE, for Petitioner.

Thomas E. Brown, Department of Justice, Wilmington, DE, for Respondents.

*MEMORANDUM AND ORDER*

SLEET, J.

**\*1** Following a jury trial in the Delaware Superior Court, David M. Williams was convicted of two counts of attempted second degree burglary, possession of burglar's tools, and criminal mischief. He was sentenced as an habitual offender to twenty-four years in prison. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. Williams has filed with the court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (D.I.I.), and a motion to expand the record. (D.I.34.) For the reasons explained below, the court will deny the petition because Williams' claims are procedurally barred from federal habeas review. The motion to expand the record will be dismissed as moot.

I. PROCEDURAL AND FACTUAL BACKGROUND

On August 13, 1998, Williams was indicted on fourteen charges, including two counts of attempted second degree burglary, possession of burglar's tools, and criminal mischief. The Superior Court severed the attempted second degree burglary and related counts listed above, and the case involving the four charges proceeded to trial. After two days of trial in June 1999, the Superior Court declared a mistrial because the jury was unable to reach an unanimous verdict. The second trial took place on August 24 and August 25, 1999, and the jury convicted Williams of all four charges. Although Williams was represented by counsel during the first trial, he chose to represent himself during the re-trial with defense counsel appointed in a stand-by capacity.

Prior to sentencing, Williams pled guilty to three other charges. On October 8, 1999, the Superior Court held that Williams was eligible for habitual offender status and sentenced him to twenty four years for the attempted second degree burglary convictions. The Superior Court also sentenced Williams on the charges to which he pled guilty.

Williams filed a direct appeal, claiming that he had been denied the right to be present during jury selection when he was removed from the courtroom for disruptive conduct. The Delaware Supreme Court affirmed Williams' conviction and sentence. *Williams v. State,* No. 507, 1999 (Del. May 30, 2000).

On June 20, 2000, Williams filed a motion for state post-conviction relief under Superior Court Criminal Rule 61, alleging: 1) he was denied the right to represent himself on appeal; 2) a Double Jeopardy violation occurred when the trial court tried and convicted him on the same charges for which a mistrial was declared; and 3) his appellate counsel was ineffective for failing to raise the double jeopardy issue and for failing to assert that the prosecutor incorrectly summarized an eye witness' testimony during his closing argument. The Superior Court denied this motion as meritless. *State v. Williams,* 2000 WL 33726917 (Del.Super.Ct. July 14, 2000). Williams did not appeal the denial of post-conviction relief.

Williams' petition for federal habeas relief is now

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 2
2003 WL 22480168 (D.Del.)
**(Cite as: 2003 WL 22480168 (D.Del.))**

before the court.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

**\*2** A federal habeas petitioner in state custody pursuant to a State court judgment must satisfy the procedural requirements contained in the AEDPA. [FN1] The federal habeas statute states:

> FN1. Additionally, a federal habeas petition must be brought within the one-year period of limitations required by 28 U.S.C. § 2244(d)(1). The statute of of limitations is not at issue here.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec.22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert,* 134 F.3d at 513; *Evans v. Court of Common Pleas, Delaware County, Pa.,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner fairly presents a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are substantially equivalent to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). The petitioner does not need to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982)(quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Further, provided that the petitioner did, in fact, fairly present the federal claim to the state's highest court, the exhaustion requirement is satisfied even if the state court did not actually consider or discuss the federal issue. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

A petitioner's failure to exhaust state remedies will be excused if there is no available state remedy. *Lines,* 208 F.3d at 160; *see Teague v. Lane,* 489 U.S. 288, 297-98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). However, even though these claims are treated as exhausted, they are procedurally defaulted. *Lines,* 208 F.3d at 160. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or a fundamental miscarriage of justice. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

**\*3** To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22480168 (D.Del.)
**(Cite as: 2003 WL 22480168 (D.Del.))**

Page 3

demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. See *Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Alternatively, a federal court may excuse procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir.2002).

### III. DISCUSSION

Construing Williams' habeas petition broadly, it appears that he presents the following seven claims: [FN2]

> FN2. Williams' form § 2254 petition contains four grounds, but his fourth ground really asserts two different claims. Further, Williams has filed four separate documents titled "Separate Memorandum." (D .I.s 5, 23, 29, 32.) While these documents generally reassert and support the initial claims, two of the documents present ineffective assistance of counsel claims. (D.I.s 5 at 3, 5; 29 at 2.) Thus, to promote clarity, the court has divided the fourth ground into two separate claims, and also has included the two ineffective assistance of counsel claims. The change is in form only; the substance of Williams' claims remains the same.

1) The case numbers for the charges to which Williams pled guilty on August 26, 1999 were changed in his November 8, 1999 appeal;
2) The Superior Court erred in refusing to suppress the witness identification of Williams as the burglary suspect because, at the time of such identification, Williams was handcuffed and a light was shining in his face;
3) The police took blood and hair samples for a rape investigation;
4) The State violated Williams' Fifth and Fourteenth Amendment rights by substituting a felony charge for a misdemeanor charge in his indictment;
5) Williams' conviction as a habitual offender violated the Double Jeopardy Clause because it constituted an enhanced punishment;
6) Ineffective assistance of trial counsel during the jury selection; and
7) Ineffective assistance of appellate counsel for failing to raise the Double Jeopardy claim and for failing to assert that the prosecutor incorrectly summarized an eye witness' testimony.
(D.I.s 1, 5, 23, 29, 32, 34.) Williams has also filed a document titled "Expansion of Record," which is really a motion for the production of documents, a motion for the appointment of counsel, and a memorandum in support of his federal habeas petition. (D.I. 34 .) To the extent the document merely provides support for his previously filed habeas petition, the court considers the information in its review of Williams' petition. To the extent the document constitutes a motion, the court considers the motion separate from the petition.

### A. Procedural Default

**\*4** The respondent contends that Williams never presented claims one, two, three, four, and five to the Delaware Supreme Court, and that state procedural rules now preclude him from doing so. (D.I. 25 at 5-6.) For this reason, the respondent asks the court to find

Not Reported in F.Supp.2d                                                                                                Page 4
2003 WL 22480168 (D.Del.)
**(Cite as: 2003 WL 22480168 (D.Del.))**

these claims procedurally barred from federal habeas review. The respondent does not address the ineffective assistance of claims. [FN3]

> FN3. The claim regarding the ineffective assistance of appellate counsel was raised in a document filed after the respondent filed its answer.

The court agrees with the respondent's conclusion that Williams failed to exhaust state remedies with respect to claims one through five. The court further concludes that Williams failed to exhaust state remedies with respect to the ineffective assistance of counsel claims. On direct appeal, Williams raised only one claim: he was inappropriately removed from the room during jury selection. This claim does not correspond to any of his federal habeas claims. Further, even though Williams' post-conviction motion asserted the Double Jeopardy claim and the ineffective assistance of appellate counsel claim, Williams did not appeal the Superior Court's denial of the motion. Thus, Williams did not exhaust state remedies with respect to any of his federal habeas claims.

State procedural rules now preclude Williams from seeking further state review of his claims. First, Williams cannot appeal the denial of his Rule 61 motion because the time for such an appeal has expired. *See* Del.Supr. Ct. R. 6(a)(iii); 10 DEL. C. ANN. § 147; *McBride v. Howard,* C.A. No. 94-214, at *3 (D.Del. Oct. 6, 1995); *Carr v. State,* 554 A.2d 778, 779 (Del.1989). In Delaware, a post-conviction appeal must be filed within thirty days of the post-conviction judgment. Del.Supr. Ct. R. 6(a)(iii). The Superior Court denied Williams' post-conviction motion on July 14, 2000. Clearly, the thirty day filing period has passed.

Second, claims one through four would be barred by Superior Court Criminal Rule 61(i)(2) because Williams did not raise them in his original motion for post-conviction relief. Rule 61(i)(2) provides:

> Repetitive Motion. Any ground for relief that was not asserted in a prior post-conviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

Reconsideration is warranted in the interest of justice when "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan.10, 1996)(citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). In the present case, the record is devoid of any subsequent legal development justifying the application of the interest of justice exception.

Before the court can conclude with certainty that claims one through four are procedurally barred under Rule 61(i)(2), the court must consider whether Rule 61(i)(5) renders this procedural bar inapplicable. Pursuant to Rule 61(i)(5):

> **\*5** Bars Inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

Super. Ct.Crim. R. 61(i)(5). This "fundamental fairness exception ... is a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal." *Younger,* 580 A.2d at 555. To satisfy Rule 61(i)(5), a petitioner must raise and support "a colorable claim which requires further inquiry." *Webster v. State,* 604 A.2d 1364, 1367 (Del.1992). Although a petitioner need not establish with certainty that a constitutional violation occurred, Rule 61(i)(5) is not a mechanism by which a petitioner may "challenge his conviction in perpetuity simply by coupling allegations of trial errors with bold assertions that they amount to a miscarriage of justice." *State v. Mulkey,* No. N88-03-0075R3, 1995 WL 268510, at *2 (Del.Super.Ct. Mar.24, 1995). The court finds that Williams' claims fall short of satisfying the narrow fundamental fairness exception of Rule 61(i)(5).

Finally, because Williams did raise his Double Jeopardy and ineffective assistance of appellate counsel

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 22480168 (D.Del.)  
**(Cite as: 2003 WL 22480168 (D.Del.))**

Page 5

claims in his post-conviction motion, Rule 61(i)(4) would now bar him from re-asserting these claims in the Delaware state courts. Rule 61(i)(4) provides:

> Former adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Once again, nothing in the record indicates that reconsideration is warranted in the interest of justice. Thus, Williams' failure to exhaust state remedies is excused because state procedural rules now preclude him from further state court review. *See Lines,* 208 F.3d at 160.

Although Williams' failure to exhaust state remedies is excused, the claims are still procedurally defaulted. Consequently, the court cannot reach the merits of the claims unless Williams establishes cause for the default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court does not review the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999).

Contrary to the respondent's contention, Williams does, in fact, assert an explanation for his procedural default. Williams alleges that he filed a notice of post-conviction appeal "between 7/14/00 and 8/14/00" but that the Department of Justice, Supreme Court, and the prosecutor failed to respond. (D.I.s 5 at 5; 34 at 1.) Unfortunately, the Superior Court Criminal Docket indicates that Williams did not file a notice of appeal. [FN4] The court notes, however, that on July 18, 2000, Williams did file a letter to Judge Barron requesting "this case be added to his request for post-conviction relief and requesting a new trial." (D.I. 27, Super. Ct.Crim. Dkt. ID No. 9803018202B.) The court can only surmise that Williams erroneously believed this letter constituted a notice of post-conviction appeal. Regardless, because the record refutes Williams' assertion that he filed a proper notice of appeal, Williams' explanation does not constitute cause to excuse his procedural default.

> FN4. The court only has the Superior Court Criminal Docket to review, not the Delaware Supreme Court Docket. However, the Superior Court Criminal Docket does reflect appeals filed in the state supreme court, and no such references are included in the relevant Superior Court criminal docket. Because the docket covers all filings from April 9, 1998 through February 20, 2002, an appeal filed between July 14, 2000 and August 14, 2000 would be included. (D.I. 27, Super. Ct.Crim. Dkt. ID No. 9803018202B.)

**\*6** Because Williams has not demonstrated cause, the court need not determine if Williams has established actual prejudice. *See Coleman,* 501 U.S. at 757. However, in an exercise of caution, the court will address the prejudice issue with respect to the claims Williams actually presented in his post-conviction motion. [FN5] First, regarding the Double Jeopardy claim, the court concludes that Williams did not suffer prejudice as a result of his conviction on re-trial. The Double Jeopardy Clause does not prohibit a court from re-trying and convicting a criminal defendant on the same charges after the first trial resulted in a hung jury. *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). Further, there is no indication that Williams was subjected to increased punishment as a result of his second trial. Thus, because Williams' conviction upon re-trial did not violate Double Jeopardy principles, Williams did not suffer actual prejudice as a result of his re-trial and conviction.

> FN5. Presumably, if Williams filed a post-conviction appeal, it would have included the claims raised in the initial post-conviction motion but denied by the Superior Court.

Second, Williams did not suffer actual prejudice as a result of the alleged ineffective assistance of appellate counsel. As explained above, Williams' Double Jeopardy claim is without merit. Consequently, his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 22480168 (D.Del.)  
**(Cite as: 2003 WL 22480168 (D.Del.))**

Page 6

appellate counsel did not provide ineffective assistance of counsel by failing to raise the meritless Double Jeopardy claim on appeal.

Further, Williams' assertion that his appellate counsel was ineffective for failing to object to the prosecutor's summary of a witness testimony is also without merit. Williams claims that the prosecutor inappropriately re-stated an eye witness' testimony during his closing argument. In essence, Williams asserts that the witness never said what the prosecutor stated. However, the record refutes this contention. During the trial, the witness stated: "Well, I'm assuming it was you. It looks like you, now the more I see you." (D.I. 5, Aug. 24, 1999 Transcript at p. 73.) During his closing argument, the prosecutor stated: "And she said, you know what, now that I'm looking at you more, I'm more sure that it was you." (D.I. 5, Aug. 25, 1999 Transcript at p. 9.) These two statements are virtually identical, illustrating that the prosecutor did not misstate the testimony. As such, the appellate counsel's failure to raise this argument did not actually prejudice Williams.

Finally, Williams does not allege that he is actually innocent of the charges for which he was convicted. Thus, for the reasons explained above, the court concludes that it is procedurally barred from reviewing the merits of Williams' federal habeas claims.

B. Expansion of Record Motion

Williams has filed a document titled "Expansion of Record," which is really a request for the production of certain documents and the appointment of counsel. (D.I.34.) Discovery is available in habeas corpus proceedings at the discretion of the court for good cause shown. *See* Rule 6, 28 U.S.C. *foll.* § 2254. "Good cause" is demonstrated when the petitioner establishes a prima facie claim for relief, and a petitioner's claims are specific, not merely speculative or conclusory. *Murphy v. Johnson,* 205 F.3d 809 (5th Cir.2000). Further, a court "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." Rule 7(a), 28 U.S.C. *foll.* § 2254.

*7 As explained above, the court is procedurally barred from granting federal habeas relief and is therefore denying Williams' habeas petition. Consequently, there is neither "good cause" for discovery nor any need for additional materials. The court thus dismisses Williams' motion to expand the record as moot.

Additionally, Williams requests the court to appoint counsel pursuant to Rule 8, 28 U.S.C. *foll.* § 2254 and 18 U.S.C. § 3006A(g). (D.I. 34 at 4.) For the reasons previously stated, the court is denying Williams § 2254 petition. As such, the "interest of justice" does not require the appointment of counsel in this matter. Thus, the court denies Williams' motion for the appointment of counsel as moot.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2003 WL 22480168 (D.Del.)  
**(Cite as: 2003 WL 22480168 (D.Del.))**

Page 7

For the reasons stated above, the court concludes that Williams' claims are procedurally barred. Reasonable jurists would not find this conclusion unreasonable. Consequently, Williams has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. David M. Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is DENIED.
2. David M. Williams' motion to expand the record (D.I.34.) is DENIED as moot.
3. The court declines to issue a certificate of appealability.

2003 WL 22480168 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00668 (Docket)

(Oct. 03, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.