FILED
AUG - 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Answer To State's Response Of July 8, 2005

05-237 (KAJ)

The petitioner, whose conviction was obtained by a clear violation of his constitutional rights guaranteed by the Sixth Amendment Of The United States Constitution. In 1986, the United States Supreme Court issued the Batson v Kentucky decision, see 106 SCt. 1712, to prevent biased juries from being empaneled and from being used as a tool to obtain unjust convictions. Indeed, this is exactly what happened in the petitioner's case. The State struck the only 3 black juror's. The petitioner questioned his public defender assigned to the case about this since it seemed mighty suspicious that the prosecutor was purposely using his peremptory challenges to strike all the prospective jurors which happened to be black. The defendant was naturally curious about this occurence. The defendant promptly alerted his public defendant about this and was told that it did not matter, which certainly establishes ineffective assistance of counsel for failing to intervene and object to the prosecutor striking all prospective black jurors during voir dire, which the public defender should have strenuously and vigorously objected to. These errors and violations are most definitely violations of the Sixth Amendment of the U.S. Constitution, the Equal Protection Clause of the Fifth and Fourteenth Amendments, and against the U.S. Supreme Court decisions of Batson v Kentucky, 106 SCt. 1712; Miller El v v Dretke, 125 SCt. 2317; Johnson v California, 125 SCt. 2410; and the Third Circuit ruling of Riley v Taylor 277 F3d 261. The Riley case clearly demonstrates that the Delaware Superior Court prosecutors use the tatic of empaneling all white juries.

Page 1

The petitioner filed a direct appeal of his conviction. The petitioner also requested the public defender to include the juror issue to be incorporated in the direct appeal, but the public defender ignored the request, who knew this was a violation of the defendant's rights. The direct appeal was denied. The defendant then promptly filed a Post Conviction Relief under Rule 61, which was presented to the petitioner's trial judge. A careful reading of Judge Peggy Abelman's decisions clearly demonstrate her bias against Derious Johnson, the petitioner. (See the December 21, 2004 decision). Indeed, Judge Abelman had to withdraw her previous two decisions to cover up her mistakes and confusion of the facts and issues presented by the defendant. She also denied the petitioner's request for appointment of counsel and for the transcripts dealing with the juror selection and voir dire portion of the trial. These transcripts are crucial to the petitioner's defense and will clearly demonstrate the prosecutor striking the black jurors. The petitioner also needs the juror selection list that shows each prospective juror's race on the juror information card filled out by each juror. This is necessary to show the Court and Federal Judge the record and the truth.

The petitioner is also petitioning the Federal Court Judge for appointment of counsel to help him with procedure for habeas relief to ensure that the legal playing field is fair and level. It is unfair for a defendant who has a life sentence and who was receiving Social Security compensation for a learning disability to compete against a law school graduate and years of experience dealing with habeas relief and habeas law.

Page 2

As to the State's response dealing with the exhaustion issues, the defendant respectfully submits that his direct appeal was handled by an ineffective public defender who failed to object to the juror incident and failed to present and preserve this issue for future appellant review. The defendant also respectfully submits that his trial judge who issued the Rule 61 decisions was clearly prejudiced against the defendant if her comments addressed to/about the defendant are read very carefully and literally. The defendant then submitted a writ of habeas corpus to the State's highest court, the Delaware Supreme Court, who responded that a state writ of habeas corpus was out of their jurisdiction. (See No. 522, 2004 Supreme Court decision.) The issues presented to the Federal Court are Federal claims and Federal issues. The exhaustion requirement is satisfied even if the State court did not actually consider or discuss the Federal issue. See Swanger v Zimmerman 750 F2d 291. The defendant also submits that he will not get a fair hearing/review of these issues before the State Courts because there is no available state remedy to pursue. See Teague v Lane 489 U.S. 288, 298; Castille, 489 U.S. 351, 352,; and Kendall v Delaware, 2002 WL 531221. It would be an exercise in futility to even try to present these issues of defendant's rejected appeal issues before the State courts again. Indeed, on page 6 of the State's response, the state concedes that the ~~decision~~ petitioner is excused from the exhaustion requirement. The petitioner submits and requests that the issues be reviewed de novo since these are Federal issues to be decided and are in accordance with the Sixth Amendment and the identical issue handed down by the Batson, Riley, Miller-El and Johnson cases

Page 3

referred to earlier in this response. All federal issues and questions are supposed to be reviewed de novo. The petitioner also wants to remind the Federal Court that the State Deputy Attorney General Thomas Brown does not even inquire/respond to the juror issue claim in which he should have reviewed the transcripts that reveals the trial prosecutor's tatics in the defendant's trial. The prosecutor and his/her office has duty of candor toward the defendant. See U.S. v Hibler, 463 F2d 455. This duty is a crucial ingredient of due process. Had Mr. Brown reviewed the juror selection transcripts and browsed through the juror profile cards, he would have noticed what the defendant noticed during the empaneling of the jury during voir dire and jury selection. Indeed, as stated in Berger v U.S., 55 SCt. 629, that government attorney's are representatives not of an ordinary party to a controversy but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.

Furthermore, the prosecution has resources unavailable to the average criminal defendant. Therefore, it is imperative that information which is essential to the defense in the hands of the prosecution be made available to the accused.... full and fair disclosure is necessary to protect and preserve and protect the rights of the accused against the awesome power of the prosecutor. See Rubin 'Hurricane' Carter v Rafferty, 621 F2d 533, 558. Mr. Brown's unilateral decision not to disclose the evidence "invited the risk of error." See Application of Kapatos, 208 FSupp 883, 888.

Page 4

The exhaustion requirement is satisfied because the issue was presented to State Courts even if not specifically addressed in their opinion. Furthermore, the exhaustion requirement is satisfied when the State Supreme court denied state writ of habeas corpus petition without comment. See Smith v Digmon, 434 U.S. 332, 333, 334; Lewis v Borg 879 F2d 697, 698; and Swanger v Zimmerman, 750 F2d 291, 295, 296.

In Granberry v Greer, 481 U.S. 129, 135, 136, the Court stated that although there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies, his failure to do so is not an absolute bar to Federal appellate consideration of his claims. In rare instances, Federal courts dispense with the exhaustion requirement because of delay on the part of the state or manifest injustice to the petitioner.

In Hollis v Davis, 941 F2d 1471, 1475, the exhaustion requirement was satisfied because the state courts neither reviewed the merits of the petitions nor did they appoint counsel to assist the pro se petitioner to overcome the problems in processing caused by the petitioner's inscrutable handwriting and his essential illiteracy. The Federal Courts determine the futility of seeking a state remedy based upon the totality of circumstances surrounding each petition. See Szuchon v Lehman, 273 F3d 299, 323 (3rd Circuit)

Also, as stated in Curran v State, 259 F2d 707, that a trial is no longer considered a game of wits and skill. It is clear that men on trial for their lives are entitled to all pertinent facts relating to their defense....
The petitioner certainly needs the facts of the events that transpired at the jury selection portion of his trial.
In order to prevail on this claim and issue, the defendant must first show that he is a member of a cognizable racial group, which the defendant can easily prove. Second, the defendant must show that the prosecutor exercised peremptory challenges to remove from the venire members of the defendants race, which also is easily proved and satisfied by looking at the jury: they were all white. The record will also show that the prosecutor had all the potential black jurors removed so that they could not serve on the jury.
The burden of persuasion "rests with, and never shifts from, the opponent of the strike." see Purkett v Elem, 115 SCt. 1769. This burden will be met once the proper records are produced to the Federal Judge to review and determine the purposeful discrimination against the defendant before his trial even began.
The Batson framework is designed to produce actual answers to suspicions and inferences that discrimination infected the jury selection process. Batson, 106 SCt. 1712.
Wherefore, the defendant respectfully requests that the Court enter an order authorizing the production of the jury selection process, voir dire transcripts and the juror information cards which determine all the possible juror's race, and grant the petitioner's writ to satisfy the manifest justice and defendants Sixth Amendment rights.

Page 6

In The United States District Court Of Delaware

Derious J. Johnson,
   Petitioner

v.

Thomas Carroll, Warden
   and
M. Jane Brady, Attorney General
Of Delaware, Respondents

§§§§§§§§§§§§§§§§

05-237 (KAJ)

Certificate Of Service

I certify that I have caused that on this __3__ day of August, 2005, that a copy of the attached Answer To State's Response Of July 8, 2005 to be served upon the following address to be indicated, by United States Mail, postage prepaid, on:

Peter T. Dalleo, Clerk
U.S. District Court
Lockbox 18
844 King Street
Wilmington, DE 19801

x _Derious Johnson_
Pro se applicant
August __, 2005

c.c.    Thomas E Brown ESQ
        Deputy Attorney General

I/M Derious J. Johnson
SBI# 280324  UNIT 21C-411
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Peter T. Dalleo, Clerk
U.S. District Court
Lock Box 18
844 King St.
Wilm, De 19801

WILMINGTON DE 198
PM 04 AUG 2005

U.S.M.S. X-RAY