IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DERIOUS J. JOHNSON,            )
                               )
            Petitioner,        )
                               )
    v.                         )    Civ. Act. No. 05-237-KAJ
                               )
THOMAS CARROLL, Warden,        )
                               )
            Respondent.        )

# ORDER

At Wilmington this 9th day of February, 2006;

IT IS ORDERED that:

Petitioner Derious J. Johnson's Motion For The Appointment Of Counsel is DENIED without prejudice to renew. (D.I. 11.)

Johnson, acting *pro se*, has no automatic constitutional or statutory right to representation in this federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, I may seek representation by counsel for Johnson "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a

court determines that the "interests of justice so require").

Johnson contends that I should seek representation for him because he is indigent, incarcerated, unskilled in the law, has extremely limited access to the law library, and his habeas claims are meritorious. (D.I. 11.) However, these reasons fail to demonstrate that the "interests of justice" warrant representation by counsel at this time. Additionally, Johnson's filings in my court indicate his ability to present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE