IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DERIOUS JOHNSON, )
)
Petitioner, )
)
v. ) Civ. A. No. 05-237-KAJ
)
THOMAS CARROLL, Warden, and )
CARL C. DANBERG, Attorney General )
of the State of Delaware, )
)
Respondents. )

## MEMORANDUM OPINION

_____

Derious Johnson. *Pro se* Petitioner.

Thomas E. Brown. Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for Respondents.

_____

September 15, 2006
Wilmington, Delaware



JORDAN, District Judge

## I. INTRODUCTION

Petitioner Derious J. Johnson ("Johnson") is incarcerated at the Delaware Correctional Center in Smyrna, Delaware. Johnson filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons discussed, I will dismiss his petition. (D.I. 1)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2002, Johnson engaged in vaginal intercourse with his seven-year-old daughter on a couch at her grandmother's house. The child had been sleeping on the couch, only to wake up and discover her father removing her jeans and "putting his private inside [her] private." *Johnson v. State*, 854 A.2d 1158 (Table), 2004 WL 1656497, at *1 (Del. Aug. 8, 2004).

According to the child, sometime after the incident her cousin taught her the meaning of the word "rape." In mid-February 2003, the child told her mom that her father "raped" her. The child's mother brought the girl to the Jessup Street Clinic, a medical facility affiliated with the A.I. DuPont Hospital for Children, where Dr. Laurie Cooke examined the girl. Dr. Cooke referred the matter the Child Advocacy Center of Delaware ("CAC"), a facility with staff who specialize in examining and interviewing children. On February 27, 2003, the child met with Terri Kaiser, a forensic interviewer at CAC who interviews children when sexual abuse is indicated. In a video-recorded interview, Kaiser asked "non-leading, non suggestive " questions to the child. The child once again confirmed that she had been raped by her father. *Id.*

1

Doctor Allan DeJong practices at CAC, and specializes in examining children alleged to have been sexually abused.  Dr. DeJong examined the child and concluded that she had sustained a deep cleft injury to the hymen, an injury consistent with "a penetrating vaginal trauma at some point in time."  *Id*.

During his jury trial in the Delaware Superior Court, Johnson testified and denied sexually assaulting his seven-year-old daughter.  Johnson said that the child did stay at his residence on the night of the sexual assault, but that he spent the evening next door in the company of a female friend.  (D.I. 8, at 3.)  While cross-examining Johnson, the prosecutor asked Johnson if he had "ever been convicted of any crime involving dishonesty or any felony?"  (D.I. 10, App. to Appellant's Br. in *Johnson v. State*, No. 616,2003, at A-49.)  Johnson replied that he had been convicted of felonies including a drug trafficking charge in 1997 and a first degree robbery charge in 1999.  *Id*.  Defense counsel did not object to the questioning or Johnson's response.  However, the Superior Court judge instructed the jury that Johnson's prior criminal history could only be considered for the purpose of weighing his credibility, and not for the purpose of determining Johnson's guilt or innocence.  *Id*. at A-51 and A-61.

The jury convicted Johnson of first degree rape, and the Superior Court sentenced Johnson as an habitual offender to a mandatory life sentence. The Delaware Supreme Court affirmed Johnson's conviction and sentence.  *Johnson* , 2004 WL 1656497.

Johnson filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that trial counsel provided ineffective assistance by allowing the State to impeach him with his prior drug

2

conviction.  Initially, because a clerical error indicated that the motion was Johnson's

third Rule 61 motion, not his first, the Superior Court denied the motion as procedurally

barred in three separate letter opinions.  However, after discovering the error, the

Superior Court withdrew the three prior letter opinions, and issued a new opinion

denying the motion as meritless.  *State v. Johnson*, 2004 WL 3029940 (Del. Dec. 21,

2004).

Meanwhile, before the Superior Court withdrew its three letter opinions denying

the Rule 61 motion as procedurally barred, Johnson filed a petition for a writ of habeas

corpus in the Delaware Supreme Court, complaining about the Superior Court's error

regarding the procedural bar.  The Delaware Supreme Court dismissed the petition for

lack of original jurisdiction.  *In re Johnson*, 865 A.2d 521 (Table), 2005 WL 65849 (Del.

Jan. 10, 2005).

## III.    EXHAUSTION AND PROCEDURAL DEFAULT

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") "to reduce delays in the execution of state and federal criminal sentences

... and to further the principles of comity, finality, and federalism."  *Woodford v.

Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted).

Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state

prisoner only "on the ground that he is in custody in violation of the Constitution or laws

or treaties of the United States."  28 U.S.C. § 2254(a).

Absent exceptional circumstances, a federal court cannot review a habeas

petition unless the petitioner has exhausted all means of available relief for his claims

3

under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44

(1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  A petitioner satisfies the

exhaustion requirement by "fairly presenting" the substance of the federal habeas claim

to the state's highest court, either on direct appeal or in a post-conviction proceeding, in

a procedural manner permitting the state courts to consider it on the merits.  *See*

*Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351

(1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  If the petitioner failed

to exhaust state remedies, but further state court review is precluded, the claims are

treated as exhausted but procedurally defaulted.  Further, if the highest state court

"clearly and expressly" refused to review the merits of a claim due to an independent

and adequate state procedural rule, the claim is considered exhausted but procedurally

defaulted.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)*; Harris v. Reed*, 489

U.S. 255, 260-64 (1989).

A federal court may not consider the merits of a procedurally defaulted claim

unless the petitioner demonstrates either cause for the procedural default and actual

prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if

the court does not review the claim.  *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.

1999); *Coleman,* 501 U.S. at 750-51; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.

1992).  To demonstrate cause for a procedural default, a petitioner must show that

"some objective factor external to the defense impeded counsel's efforts to comply with

the State's procedural rule."  *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  A petitioner

demonstrates actual prejudice by showing "not merely that the errors at ... trial created

4

a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at

494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has

probably resulted in the conviction of one who is actually innocent," a federal court may

excuse a procedural default to prevent a fundamental miscarriage of justice. *Murray,*

477 U.S. at 496; *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,*

266 F.3d 218, 224 (3d Cir. 2001).  Actual innocence means factual innocence, not legal

insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To establish actual

innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert

"new reliable evidence - whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence - - that was not presented at trial."

*Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV.    DISCUSSION

Johnson asserts five claims for relief in his habeas petition:  (1) his conviction

was obtained by an "all-white" and thus "racially biased" jury; (2) defense counsel

provided constitutionally ineffective assistance by not objecting to Johnson's reference

during cross-examination to his prior drug conviction; (3) the trial judge committed

reversible error by allowing Johnson to testify about the existence of his prior drug

conviction, which also revealed jury bias, particularly because the trial judge withdrew

the first order denying post-conviction relief; (4) the Superior Court committed plain

error by permitting the prosecution to improperly impeach Johnson by referring to his

5

prior drug conviction; and (5) the Superior Court committed plain error by failing to instruct the jury about an alibi defense.

The State contends that all five claims are procedurally barred from federal habeas review.  (D.I. 8.)

## A.    Claims one, two, and five

The record reveals that Johnson presented claims one, two, and five to the Delaware Superior Court in his Rule 61 motion, and the Superior Court denied the claims as meritless.  However, Johnson did not exhaust state remedies for these claims because he did not appeal the Superior Court's decision to the Delaware Supreme Court.[1]  At this point in time, state procedural rules would bar Johnson from pursuing further state court review of the claims.[2]  Consequently, claims one, two, and five are deemed exhausted but procedurally defaulted, and I can only review the merits of the claims upon a showing of cause for the procedural default and prejudice resulting

_____

[1]Additionally, Johnson's petition for a state writ of habeas corpus filed in the Delaware Supreme Court did not exhaust state remedies.  In Delaware, a petition for the writ of habeas corpus must be presented to the Superior Court, and therefore, the Delaware Supreme Court dismissed Johnson's petition for lack of original jurisdiction. *In re Johnson*, 2005 WL 65869, at *1.  Johnson's habeas petition did not satisfy the "fair presentation" requirement of the exhaustion doctrine because it was not the correct procedural vehicle.  *See Castille*, 489 U.S. at 351; *Ex parte Hawk*, 321 U.S. 114, 116 (1944); *cf. Johnson v. Snyder*, 2001 WL 34367295, at *2 (D. Del. Feb. 7, 2001).

[2]First, the time to appeal the Superior Court's decision has long past.  *See* Del. Sup. Ct. R. 6(a)(iii); Del. Code Ann. tit. 10, § 147.  Second, Rule 61(i)(4) would bar Johnson from presenting the claims in a new Rule 61 motion.  *See Kendall v. Attorney General of Delaware*, 2002 WL 531221, at *4 (D. Del. Mar. 26, 2002).  Finally, any claims related to Johnson's original conviction and sentence would be barred under Rule 61(i)(3) because Johnson did not raise them on direct appeal.  *Id*. at *4.

therefrom, or that a miscarriage of justice will result if this court refuses to hear the claims.

Johnson does not allege that some external factor prevented him from appealing the denial of his Rule 61 motion.  In the absence of cause, I will not address the issue of prejudice.  Johnson has also failed to demonstrate that a miscarriage of justice will occur if I decline to review these claims, because he has not presented any colorable evidence of his actual innocence.  Therefore, I will dismiss claims one, two, and five as procedurally barred from federal habeas review due to Johnson's procedural default of the claims in state court.

### B.     Claims three and four

In claims three and four, Johnson contends that the Superior Court erred by permitting the prosecution to impeach him by referring to his prior drug conviction. Johnson presented these claims to the Delaware Supreme Court on direct appeal. However, because Johnson did not contemporaneously object to the impeachment during his trial, the Delaware Supreme Court invoked Delaware Supreme Court Rule 8 and only reviewed the claims for plain error. *Johnson*, 2004 WL 165497, at *2.

By explicitly stating that Delaware Supreme Court Rule 8 limited its review to one of plain error, the Delaware Supreme Court plainly stated that its decision rested on state law grounds.  This court has consistently held that the Delaware Supreme Court's express application of the plain error standard of review constitutes an independent and adequate state procedural ground barring federal habeas review, absent a showing of

7

cause and prejudice. *See Johnson v. Carroll*, 327 F. Supp. 2d 386, 393-94 (D. Del. 2004) (collecting cases). Therefore, claims three and four are procedurally defaulted.

Once again, I cannot review the merits of these claims without a showing of cause for the procedural default and actual prejudice resulting therefrom, or a showing that a miscarriage of justice will result in the absence of such review. Johnson does not allege any cause for the procedural default, and thus, I need not address the issue of prejudice.[3] The miscarriage of justice exception does not excuse Johnson's procedural default because he has not presented any colorable evidence of his actual innocence. Therefore, I will dismiss claims three and four as procedurally barred.

## V.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local

---

[3]Nevertheless, Johnson cannot demonstrate prejudice resulting from these alleged errors. The trial judge instructed the jury to only consider Johnson's prior criminal history when weighing his credibility. Absent an "overwhelming probability" that the jury was unable to follow the instruction and a strong likelihood that the effect of the evidence was "devastating" to Johnson, I must presume that the jury followed that limiting instruction. *See Francis v. Franklin,* 471 U.S. 307, 324-25 n. 9 (1985); *U.S. v. Davis,* 397 F.3d 173, 181 (3d Cir. 2005); *see also Richardson v. Marsh*, 481 U.S. 200, 208 (1987); *Bruton v. United States*, 391 U.S. 123, 136 (1968). Here, nothing in the record indicates that the jury was unable to follow the judge's instructions, and there is not a strong likelihood that the effect of the evidence was devastating to Johnson. For example, as noted by the Delaware Supreme Court on direct appeal, Johnson's prior drug conviction was so dissimilar from the first degree rape charge for which he was standing trial that a jury was unlikely to somehow conclude that Johnson's prior drug trafficking conviction increased the possibility that he was a child rapist. The prosecutor's cross-examination of Johnson regarding his drug trafficking conviction was brief, and the prosecutor did not mention Johnson's prior criminal history during his closing argument. In these circumstances, I presume the jury followed the trial court's instruction regarding credibility, and therefore conclude that Johnson cannot establish prejudice sufficient to excuse his procedural default.

8

Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Additionally, if a federal court denies a habeas claim on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Johnson's habeas petition must be dismissed.  Reasonable jurists would not find that conclusion debatable.  Consequently, I decline to issue a certificate of appealability.

## VI.    CONCLUSION

For the foregoing reasons, I conclude that Johnson's § 2254 petition does not warrant federal habeas relief.  I also find no basis for issuing a certificate of appealability.  An appropriate order will follow.

9